UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry Quaysean Thomas, ) | Criminal No.: 4:16-cr-00724-RBH-1 |
| ) | Civil Action No.: 4:18-cv-01267-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Henry Quaysean Thomas's ("Petitioner") *pro se* [ECF No. 61] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the government's [ECF No. 75] motion to dismiss Petitioner's motion to vacate. For the reasons stated below, the Court grants the government's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice

**Procedural History and Factual Background**

Petitioner was indicted on September 27, 2016, in a four count indictment for drug and firearms offenses. [ECF No. 2]. Count one alleged possession with intent to distribute a quantity of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2)(C). Count two alleged possession with intent to distribute a quantity of crack cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D). Count three alleged felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) and count four alleged that Petitioner used and carried a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On February 27, 2017, Petitioner entered a guilty plea[1] to only the drug offense alleged in count two. [ECF No. 39]. The other counts were not yet dismissed. A presentence investigation report ("PSR") dated April 7, 2017, and revised on April 21, 2017, was prepared by the U.S. Probation Office. The PSR found that Petitioner's advisory guideline range as to count two was 30 to 37 months, based on a total offense level of 15 and criminal history category of IV. The PSR also suggested an upward departure based on the numerous offenses which were not counted in Petitioner's criminal history. [PSR, ECF No. 54 at ¶ 108]. However, the PSR did not determine him to be a career offender.

On April 18, 2017, Petitioner signed a post-plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), wherein Petitioner and the government agreed to a sentencing guideline range of 84-90 months. [ECF No. 47]. The sentencing range was based on the upward departure suggested by the PSR.

Trial counsel's strategy was based on Petitioner's significant criminal history and the concern that Petitioner may be a career offender. [Affidavit of William F. Nettles, IV, ECF No. 70]. Since one of Petitioner's charges was a § 924(c) violation, had Petitioner been a career offender with a § 924(c) conviction, his guideline range would have been 360 months to Life had Petitioner gone to trial and lost. *Id*. A guilty plea with a full award of acceptance of responsibility would have produced a guideline range of 262 to 322 months in prison. *Id*. Thus, trial counsel opted to plead Petitioner to the drug offense alone to determine if Petitioner was a career offender. *Id*. *If Petitioner was not a career offender, Petitioner would then plead guilty to the § 924(c) offense or be sentenced to an extra term of months to account for the penalty for that offense. Id*. Once it was determined that Petitioner was not a career offender, Petitioner executed the post-plea agreement to reflect the

---

[1] Defense counsel describes this as a "tactical guilty plea," and explained his concern that he needed to determine first if Petitioner was a career offender, which would have called for much higher guidelines if convicted of the § 924(c) count.

additional months for the § 924(c) offense. *Id*. Additionally, the other counts were dismissed including the § 924(c) count and Petitioner was simply given an upward departure on the drug count to account for the § 924(c) firearm charge. Trial counsel states that Petitioner was aware of the plan during the entire course of his representation and the plan was discussed with Petitioner both before and after the guilty plea. *Id*.

On June 29, 2017, Petitioner was sentenced to 84 months in prison. [Judgment, ECF No. 55]. Before imposing sentencing, the Court conducted a colloquy with Petitioner regarding the Rule 11(c)(1)(C) post-plea agreement, which stipulated a sentencing range of 84-90 months and included an appeal waiver. During the colloquy, Petitioner indicated that he entered into the Rule 11(c)(1)(C) post-plea agreement freely and voluntarily and that he was freely and voluntarily waiving his right to appeal.

At sentencing, Petitioner also executed a document waiving his right to appeal. [ECF No. 53]. The appeal waiver indicated that Petitioner was notified by the court of his right to appeal, that he discussed his right to appeal with his attorney, and that he **did not** want to appeal. *Id*.

Petitioner filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 on April 29, 2018. [ECF No. 61]. The government filed a response to Petitioner's motion to vacate and a motion to dismiss on June 12, 2018. [ECF No. 75]. Petitioner did not file a response to the government's motion to dismiss.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a

3

sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a

4

colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.  In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for

counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## **Analysis**

Petitioner raises two grounds for relief in his motion to vacate.

In ground one, Petitioner asserts that he is serving an excessive sentence. Petitioner argues that he pled guilty to a drug offense and that the drugs involved do not carry an 84 month term of imprisonment. This ground is without merit. As set forth in the procedural history above, Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) post-plea agreement, which he entered into freely and voluntarily. The Rule 11(c)(1)(C) post-plea agreement provided for a sentencing range of 84-90 months. Petitioner was sentenced to 84 months consistent with the agreement He cannot now claim that his sentence is excessive. Petitioner was sentenced within the agreed upon guideline range and below the statutory mandatory maximum of 20 years. Petitioner is not entitled to relief on ground one.

In ground two, Petitioner claims that his trial counsel was ineffective for failing to consult with Petitioner concerning a direct appeal and for failing to adequately explain the sentencing consequences to Petitioner. Trial counsel has a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). In this case, Petitioner waived his right to challenge his conviction and sentence in the Rule 11(c)(1)(C) post-plea agreement. Additionally, at sentencing, Petitioner executed a separate appeal waiver indicating that he was notified by the court of his right to appeal, that he discussed his right to appeal with his attorney, and that he did not want to appeal. Under these circumstances, trial counsel had no duty to consult with Petitioner regarding filing a direct appeal. Given the fact that Petitioner pled guilty, executed two separate waivers of appeal (*See* ECF Nos. 47 and 530), and

7

was sentenced at the low end of the stipulated sentencing range, no rational defendant would want to appeal. Further, Petitioner has made no showing that he reasonably demonstrated to counsel that he was interested in appealing. Importantly, Petitioner does not allege that he requested that his trial counsel file an appeal and his trial counsel failed to do so. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Rather, Petitioner alleges that his trial counsel failed to consult regarding a direct appeal. In this case, trial counsel had no duty to consult regarding a direct appeal. Petitioner is not entitled to relief on ground two.[2]

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

---

[2] To the extent Petitioner claims that counsel failed to adequately explain the sentencing consequences to Petitioner, Petitioner has not set forth what consequences he is referring to and has failed to demonstrate or even allege that he suffered any prejudice as a result. Accordingly, Petitioner is not entitled to relief on this claim.

8

**Conclusion**

For the reasons stated above, the government's [ECF No. 75] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 61] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.[3]

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

February 1, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").